Filed 8/12/22 P. v. Tate CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LIONEL TATE, SR.<br><br>Defendant and Appellant. | H049768 & H049641<br>(Santa Clara County<br>Superior Court Nos. 89625 & 159331) |

### THE COURT[1]

Defendant Lionel Tate, Sr., appeals from two orders denying motions he filed in the trial court to vacate convictions in two cases pursuant to Penal Code section 1473.7.[2] For the reasons set forth below, we dismiss the appeals.

### I.  PROCEDURAL BACKGROUND[3]

### A.  Case No. H049768 (Superior Court Case No. 89625)

In 1987, Tate pleaded no contest to rape (§ 261, subd. (2); count 1) and penetration by a foreign object (§ 289, subd. (a); count 3) with the agreement that he would be sentenced to five years in state prison, and with the condition that he would waive all

---

[1] Before Greenwood, P. J., Grover, J. and Wilson, J.

[2] Further undesignated statutory references are to the Penal Code.

[3] The facts of the offenses are not relevant to the analysis and disposition of these appeals and therefore we have omitted them.

appellate rights. At sentencing, the court imposed a term of three years on count 1and a consecutive term of two years on count 3, consistent with the plea agreement.

In 2021, Tate filed a motion to vacate his conviction under section 1473.7, subdivision (a)(1) on the basis that at that time he entered the plea, the court did not advise him that the convictions could be used to enhance future sentences. He argued further that had the trial court advised him that sentencing statutes enacted after the time of the entry of his plea could be used to enhance future sentences he would not have entered into the plea bargain. The trial court denied the petition. The court determined that Tate's motion was invalid because he filed it under subdivision (a)(1) of section 1473.7, which allows a court to vacate a conviction based on the defendant's failure to understand the immigration consequences of his guilty plea, but Tate did not make any claim related to his immigration status in his motion. The court additionally ruled that Tate's claims were meritless because under *Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Doe*), Tate was subject to any change in law that was applicable to him regardless of the plea agreement.

## B. Case No. H049641 (Superior Court Case No. 159331)

In 1993, Tate was convicted after a jury trial of penetration by a foreign object (§ 289, subd. (a), count 2) and two counts of rape (§ 261, subd. (a)(2); counts 3 and 4). Tate was sentenced to a term of 55 years.

This court affirmed the conviction but struck certain enhancements and fines from the judgment in *People v. Tate* (Aug. 11, 1995, H011819 [nonpub. opn.]). On remand, the trial court re-sentenced Tate to a term of 45 years.

In 2021, Tate filed a motion to vacate his conviction pursuant to section 1473.7, subdivision (a)(2), arguing that he had new evidence of his factual innocence. Tate stated in the motion that his attorney, Yolanda Trevino, had declared a conflict of interest after representing him at the preliminary hearing because her office had previously represented the victim. Tate contended that Trevino possessed evidence of his innocence, but that he

had previously been advised that Trevino could not testify on his behalf and against the victim. Based on Tate learning that former President Trump's lawyer had been compelled to testify against him, Tate asserted that the new evidence he possessed was his knowledge that Trevino could be compelled to testify. The trial court denied the motion, stating that whether or not a lawyer can or cannot testify against his former client did not constitute evidence, but was instead an issue of law.

On appeal, this court appointed counsel to represent Tate. This court granted counsel's motion to have this case and case number H049768 considered together for briefing, oral argument, and disposition. Counsel then filed an opening brief as to both cases pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), and we notified Tate of his right to submit written argument on his own behalf. Tate has filed supplemental briefs addressing the denial of both motions.

## II.    DISCUSSION

In case number H049768, Tate contends that he should be allowed to withdraw his plea because using his conviction to enhance his subsequent sentence violated the plea agreement. As to case number H049641, Tate does not identify any error. Instead he argues, as he did in the trial court, that he possesses new evidence of his actual innocence. Tate additionally asserts that his record of criminal convictions is inaccurate, and that these inaccuracies adversely affected his sentencing in this case, as well as the outcome of his Board of Parole Hearings proceedings.

Tate does not raise an arguable issue on appeal. An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

With respect to the contentions Tate raises in case number H049768, parties to a plea agreement are deemed to know and understand that the state may enact laws that will affect the consequences attending the conviction entered upon the plea. (*Doe*, *supra*,

3

57 Cal.4th at p. 70.)  Therefore, there is no arguable issue that the trial court erred in denying his motion to vacate the conviction on the basis that he was not informed that sentencing statutes enacted after the time of his plea could be used to enhance future sentences.

As to case number H049641, Tate's argument that there are errors in his record of criminal convictions is not cognizable on appeal because he failed to raise that issue in his motion below.  Arguments not raised in the trial court are forfeited on appeal. (*Sander v. Superior Court* (2018) 26 Cal.App.5th 651, 670.)  In addition, the judgment is long final, so any error related to sentencing is not a proper issue to raise on appeal from the denial of a motion to vacate his conviction based on newly discovered evidence of factual innocence.

Further, Tate's contention that he possesses new evidence of his innocence fails to raise an arguable issue on appeal.  Tate did not present new evidence to the trial court. His discovery that a lawyer can be compelled to testify against his or her former client cannot be construed as evidence.  While section 1473.7 does not expressly define the phrase "newly discovered evidence," other sections of the Penal Code define newly discovered evidence as testimony, writings and similar things discovered after trial or judgment, that with reasonable diligence could not have been discovered earlier.  (*People v. Perez* (2020) 47 Cal.App.5th 994, 999.)  Tate's discovery was not new evidence because it was neither testimony nor a writing that was offered to prove the existence or non-existence of a fact. (See Evid. Code, § 140.)  Therefore, he has not raised an arguable issue that the trial court erred in denying his motion.

Because Tate raises no arguable issues in his supplemental briefs, we must dismiss his appeals. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

### III.    DISPOSITION

Appeal numbers H049768 and H049641 are dismissed.